Good morning, Your Honors. John Ballas on behalf of Denard Neal. I'm intending to reserve about two minutes for rebuttal. All right. Please watch the clock. Mr. Neal was convicted of 14 counts of attempting to file false liens against a real or personal property of 14 different USP Atwater employees or officers. Our first claim is that the evidence is insufficient, even looking at it in the light most favorable to the government, because what he attempted to do at most was attach the oaths of office of the employees, not their real or personal property. Didn't he also post it on the all collateral related to the bonds that support and endorse or support endorse the oath of offices? So I understand that the theory is that the oath of office is supported by some sort of performance bond, which is itself supported by collateral, and that he says his collateral is on that. That's at ER 92. Why isn't that enough to constitute personal property? Well, I think the best way to read his finance statements. Which is hard to do. Yes. But he does say the lien is binding upon all oath of offices and all collateral related to the bonds that support endorse the oath of offices. Well, what the court is reading on page 92 is not something that I believe he asked his mother to file with the recorder's office as a lien. That was to the deputy assistant attorney general describing what he intended to do with the liens and the finances. This is the security agreement that he prepared on behalf of Mr. Rios and other officials purporting to be their security agreement, and it accepts a lien on their personal property. Well, I think the best way to read it in connection with the financing statements that he filed was that he was asking, that he was stating that those officers owed a debt to him, but what he was actually attaching, what he was actually, the collateral he was attaching was the oath of office, not any kind of personal or real property. Well, he perfects it. It's the security agreement that creates the lien. The UCC just perfects the lien, and the lien apparently is on the collateral underlying his performance, the performance bond of these officials. But I think the best reading of that, even on that page, is what he's asking to, he uses the word bonds, but he's talking about that support endorsed the oath of office. I think what I'm asking is the Court not to read out the words real and personal property from the statute. I don't think I'm doing that. I'm saying it's in there. He's putting a lien on personal property. I mean, the other cases that have looked at this issue have been careful to look for some personal property, but they were willing to take any thread of anything, like sliver, I think, was in one of them. That was funny. What's the effect? I mean, what was, if he would have succeeded, what would have been the effect of this? If he had these filed, would that encumbered, I mean, would that have acted as a real hindrance or obstacle for the? I don't think so, because I think if anyone would read these documents, they would not have considered it to actually have encumbered any real or personal property. Well, but just a minute. Isn't that a fight over the validity of the documents? Right. Rather than whether it really was or it wasn't? Well, I. Once you have filed a particular lien, security agreement and financing statement, and you've put those on the record, then the next question is not can you just get them off, are they not any good, but we're fighting over the validity of the documents. And, frankly, that would take money from the federal employees. It would intimidate and harass them to have to do something in order to clear this from their record, wouldn't it? I agree. And so, therefore, I guess, I mean, the statute itself, when I read the statute, it doesn't talk anything there about a valid false lien or a valid false encumbrance. It says any false lien or encumbrance. The validity is left to the district court at the time the jury is instructed, but then the jury gets a chance to determine or the court gets a chance to determine. So I guess at this particular matter, we had a jury determine this was real or personal property, and I don't find anything in the statute that goes against it. Well, maybe it's a fine distinction I'm trying to make, but that I'm not trying to argue that the lien has to be valid or meet all the technical requirements of a filing. But if he, if Mr. Neal said that the prosecutor and I owed him $10,000 through a security agreement and he wanted to attach Mr. Dolan's status as a Red Sox fan and my status as a Giants fan, he would be potentially attempting to put a encumbrance or lien, but not on any real or personal property. And my argument is that what he's doing by the security agreements and the financing statements is he's attempting at most to put a encumbrance or lien on the oaths of office here. I think that's also bolstered by the letter to the mother that he tried to get them fired, not necessarily to obtain any kind of money. Let me move to my second argument on respect to competency. And the first subclaim is that the district court's waiver, accepting a waiver of right to counsel was not knowing and voluntary because the court did no inquiry whatsoever with respect to competency. And there was some evidence on the record that the court should have gone there. What was the evidence before the court at the time? Well, there's two things. One is that he had made some filings that the court had, the district court in general, not the magistrate judge in front of him, had found fantastic and frivolous. But Mr. Neal also kind of referred to his prior filings, said he had filed civil actions and said that he had run into roadblocks. Well, but isn't that all consistent with sovereign citizen actions and behavior? I mean, how are judges supposed to try to figure out whether or not they're really sovereign citizens or they're really just, you know, have a mental issue? I mean, because everything here seemed consistent with it. Or are you saying that all sovereign citizens, anyone who comes in with that theory of defense needs to have a competency hearing? I am not. And I think that this case is stronger than wacky sovereign citizens theories. That's primarily a legal theory. Here there's evidence of delusional, some factual problems with reality. He did tell the magistrate judge that the name of indictment is fictitious entity created by the United States government. I mean, I see that all the time. I mean, that seems to be very consistent with the sovereign citizen theory, with the straw man being created with the account and their flesh and blood and all this very elaborate theory, and they all share that. Well, and one thing that I've never seen before, and I've represented some people raising this kind of defense, and this was not at the initial hearing before the magistrate judge, but in filing subsequent, they talked about the United States government selling bonds based on criminal convictions, and then in particular going through the details that the bonds' numbers were linked to the court case number for the conviction, the cuspic number of the bond. And he wrote that in a habeas corpus petition before trial, and then he also put that, except for record page 50, on a request for subpoenas to be able to show that the government is doing that. That is, I think, beyond any kind of sovereign citizen theory. It shows a kind of a delusional basis. I'd like to go on to your two-level enhancement, your argument there. And the third argument is that the district court erred in applying a two-level enhancement for more than two liens on each of the 14 counts of conviction, and that, in effect, in this case, it's essentially double counting in violation of the guidelines, both the spirit and the language, because the more than two liens should be limited to the specific offense or either guideline of count or group of counts. And here ‑‑ So we're reviewing for plain error, right? This wasn't raised to the district court. That's correct. So we'd have to find that either there was a case on point, which there isn't so far as I'm aware. Is that correct? We'd have to say that the language of that application note, which I think the district court was relying on, rules out. It just makes it clear that this is an error to have interpreted it that way. Well, I think the court could find that the error was plain or obvious based on the language of the guideline as well as the two application notes that I cite. One that talked about, gave an example, application note one, where that if you sent several threatening letters over a period of years to the same victim, then the enhancement would apply. And by referring to the same victim, it meant the same individual count or group of counts, not conduct that occurred in other counts. And then second, which I think is pretty powerful, is that application note 4B said that an upward departure may be warranted if substantially more than two false liens were filed regarding the same victim. And that, by implication, suggests that the enhancement for more than two liens only applies when it was with the one particular victim at issue. Do you mean departure or you mean adjustment? You said departure. I think I mean departure. Application note 4B, I believe, uses the word, the phrasing departure. Because departure is departing from the guidelines. Yes. And then there's the upward adjustment in terms of the enhancement. Right. It says departure. I mean, I can look at it, too. Well, the application, the enhancement applies, refers to more than two liens regarding the offense. And the application note that I just referred to says that an upward departure may be warranted if there was substantially more than two. I see. But there's nothing that says that the court can't consider charged conduct in determining whether the offense involved more than two threats. So this says, the application note says, the court shall consider both conduct that occurred prior to the offense and conduct that occurred during the offense. And the court just included other charged conduct. There's nothing that rules out it doing that, correct? That specific note, I'd agree. But in the context of the language of the statute of the guideline and the other application notes, the example in the application note 4B, I think, yes. You know, that application note was put in to address a different problem. In 1997, before the even false lien statute went in effect, to talk about the threatening communications and whether there was evidence of an intent to actually carry out the threat. And they put in that enhancement to address some case law to make it clear that the court could consider conduct in the past. So I don't think it was really designed to address the false lien situation, though I agree that it does state in the preamble that determining sections B-1, B-2, and B-3. But that subsection was in effect before the whole false lien statute went into effect. You're down to 42 seconds. Thank you. Please. Thanks. May it please the Court. Good morning. My name is Jared Dolan. I'm the Assistant United States Attorney in Sacramento, appearing on behalf of the United States. This is a case about plain error. As the defendant points out, none of the issues raised before this Court were preserved for review in the district court. And so reviewers for plain error, and the court should affirm the conviction and sentence on all four issues presented before the court. We have a case talking about when the district court has an obligation to sua sponte, consider competence to stand trial. Do we have any case or any guidance on when a court should consider sua sponte, competence to represent himself or herself? Almost, but not quite. I think, and the reason why I answer the question that way is, as the court knows from the briefing, it used to be that the two rights were the same. If you're competent to represent yourself, or if you're competent to stand trial, it used to be that you were competent to represent yourself, and that was the end of the inquiry. And then the Supreme Court in the Indiana v. Edwards case said, well, no, there's discretion. It didn't say that you had to apply a heightened standard, but that judges could for the right to represent oneself. And then I think the best case that kind of describes what to do from there is the Ferguson case and the Thompson case. You know, the Ferguson case, that was a pipeline case. It was almost like back when Booker was newly decided and the courts were dealing with all those pipeline cases. The district court heard it before Indiana v. Edwards, and then Indiana v. Edwards came down, and there were all these facts in the record where the district court just felt very uncomfortable with the fact that the defendant was competent to do both, and he had to make that ruling. And so there was a remand because there was all this record evidence that the district court wished he had discretion and didn't think he had it. And this court remanded to say, well, now that you know you have discretion, what do you want to do? I think when this court recognizes the cases that talk about sua sponte competence issues, like Garza, this case falls far below what's necessary to raise a genuine doubt on plain error as to the defendant's competence, both to represent himself and to proceed to trial. The defendant had a high school education. He took some college classes. He indicated that he had studied the law. And, indeed, when he was questioned at the Feretta hearing, which this court, which is in the record, he actually corrected the judge about, not corrected, but he jumped the gun a little bit, where the judge asked, well, do you know about the guidelines? And he said, no, I don't, because those are advisory after Booker and Fanfan. And I think that really exhibits none of the issues this court has previously been concerned about in the Garza case or even the Dreyer case. The other thing that's important to look at, I would suggest, is, unlike Dreyer, and I believe unlike Garza, although I'm not sure about that, this is a case where the defendant represented himself. He proceeded to trial. He made opening and closing arguments. He cross-examined witnesses. This is a case where the district judge had every opportunity, more than every opportunity, to observe the defendant's demeanor, his presentation style, and if a doubt had been raised in his mind, a genuine doubt, he would have jumped all over it. Virtually no one wants to go to trial and have to proceed over a trial where the defendant represents himself, unless it's absolutely necessary, unless the defendant is demanding the right and he recognizes the warnings under Feretta. And I think in these circumstances, there's simply no evidence to support a genuine doubt as to competency. Let me ask any other questions. I wanted to talk about the real and personal property element. That's an element of the offense, is it not? It is, Your Honor. And I didn't really understand your theory in terms of the money, but if you fail in establishing the element, even if the jury came back, what do we do under plain error? Well, this Court has recognized in a number of decisions that in plain error review under Rule 29 standard, it's hard. I don't think this Court has ever found a situation where someone would have satisfied the right most favorable to the evidence on appeal if the issue was preserved, but on plain error, it wouldn't be preserved. But what if there was no evidence of real or personal property? I mean, we have the oaths of office, but I'm struggling with that a little bit on what exactly that means. And your arguments in the brief, I didn't really fully appreciate them, I guess, because you said somehow there were money, I didn't follow that logic, and I don't necessarily agree with it if that's true, what you were arguing. I'm just trying to figure out what the jury had in front of them to consider as the real or personal property that you would normally have to prove when presenting this kind of case. The jury had a few things in front of it. First of all, it did have the testimony of Matthew Johnson, he was the expert, and he specifically said that these documents were an attempt to attach the real and personal property of the prison officers. But he had to list real or personal property, and he listed the oaths of office. Isn't that what he did? That was in the UCC financing statement. But I'd have two responses to that. First, in the security agreements, he did list that language about collateral, about bonds, about all this other material. And the other point I would make, and this was in front of the jury, the whole point of a UCC financing document is to attach a lien to the real and personal property of the debtor. I mean, that's the purpose of the document. That evidence was submitted to the jury. It's the purpose of the document, but let's say he didn't do it. I mean, the security agreement can define what personal property the lien is on. It's not on everything owned by the debtor. And it defined the real or personal property as the oath of office. I think also the performance bond and the collateral supporting that. But let's say it was limited to the oath of office. That is not real or personal property in any way cognizable by general legal principles, state law principles. So if he doesn't attach the lien to anything we can cognize as being personal property, how can that element of Section 1521 be satisfied? I think in that circumstance, this Court would be left with the question that was unanswered in Reed, the Eighth Circuit case. And in Reed, the Court specifically stated, and, you know, it sticked up because they didn't have to reach the question, but they questioned whether on a sufficiency challenge, someone who uses a UCC filing statement, whether that would ever be insufficient evidence of an attempt to attach real or personal property. And that's just because of the nature of the document, evidence that was submitted to the jury. On that, yes, Your Honor. Well, I guess I wonder about the UCC. It seems to me that if under the UCC we looked at general intangibles, which you didn't argue necessarily, but if we look at general intangibles, I'm not sure that even the documents as filed, even if they didn't have the bonds, might satisfy the general definition, wouldn't it, under the UCC? Your Honor, that — your question goes to kind of a central issue in all these cases. This case, Reed, all the cases involving false liens, and that's, you know, an attempt to treat as serious language which is inherently frivolous. I mean, these are false liens. And even in Reed, where the Eighth Circuit affirmed, the Court characterized the language in the UCC filing statement as incoherent. I mean, that's the very nature of these types of documents and the sovereign citizen arguments that this Court regularly sees. And that's partially why Congress said, in the history, that the courts aren't to look to whether these types of documents meet the strict requirements of the UCC or general contract principles or anything. It's whether — it's the conduct. And here this — Well, the problem, I guess, is the same one that my colleagues are trying to put to you. When one has to make an encumbrance against real or personal property, it makes it a little bigger than just a nebulous idea of whether it may or it may not be. That's the worry. I understand the concern. And I guess the government's position is twofold. First, that a lien, that this type of document, by its very nature, is an attempt to encumber real or personal property. If it had been filed with the Merced County Recorder, which doesn't really have a lot of jurisdiction over the oaths of office of the prison guards, with the California Secretary of State, it would have been the exact type of harm that this statute is designed to protect. So you're saying a UCC is inherently a false lien against real or personal property, regardless of what it says. When you file this group of documents, it doesn't matter what they say. It inherently meets the statutory definition. So all the government would have to show is that sort of document was filed in the recorder's office. That is the government's secondary position. And that's our position here. But then you're changing the elements of the offense. I disagree, Your Honor. I think liens, by their very nature, are an attempt. I'm sorry, but your instruction to the jury, I imagine, said that they had to find that there was a lien filed and then that the defendant here had actually listed real or personal property. Did they not? And then they had the oaths of office. There was a definition of lien as a lien is something that, and I've read the instruction, but I don't remember the exact language. I don't recall if it's in the record or not. It's certainly in the transcript. But lien was decided or specifically defined. But as? As. It was given the common definition as it was in Reed. That's my recollection. So what if they had filed something, the defendant had filed something that wasn't titled security agreement or UCC, one that had some other fanciful title but got it filed in the real property records. Would that have constituted a lien, have the exact same language that doesn't attach, doesn't purport to attach any real, any personal property that we recognize? Is that enough? That's a much closer question. I think at the jury level it would be a tough argument for the jury. But I think insufficiency, I think it would depend on the details. I think the government might have problems in that kind of circumstance. But I think here, especially when we're past the jury and we're at a sufficiency of the evidence challenge, when the defense says, you know, it talks about the best reading or it's a fine distinction. I mean, those are jury issues. And now that we're looking in the evidence in the light most favorable to the government. Let's say you had to prove something. You have a number of statutes where you have to say that a gun was used or, you know, violation. And there was no gun. Under plain error, we just say they were close enough? I mean, there was no evidence of a gun? Well, if there's absolutely no evidence in the record of an element whatsoever, then, of course, that we lose. But that's what I'm wondering. That's what I'm asking. Is this, you know, because it was oath of office. And I know there's language here that says something about collateral and bond. And I guess that's your argument now is that that was maybe close enough. But I'm just wondering. I mean, when you don't have an element to point to, does that establish plain error? I don't think it does in this case. I think, you know, if there's no evidence of a gun or to use another example. And I think it goes back to the types of harms that Congress was trying to protect with this statute. The statute isn't designed to protect all kinds of frivolous filings that make judges and prosecutors and prison guards angry. You know, it's not designed to protect against some, you know, a litigant from, you know, violating their constitutional rights when it's not true. And that's harassment. It's designed to protect a specific kind of harassment. And the type of harassment it's designed to protect is the filing of documents like these in public records and the financial havoc that it wreaks. So we should read 1521 as saying, any false lien or encumbrance of the sort that's generally filed against real or personal property. I think the sort of lien, which in this case is UCC-1 security, the sort of lien filed against real or personal property as opposed to having to read the language of the lien and finding that it names real or personal property. Is that what you're saying? Your Honor, what I'm saying is I think there's evidence in the record to support that it's, you know, that it was real or personal property, and we've talked about that. But I think beyond that, I think the very nature of these types of documents satisfy the bare minimum of the elements that get us beyond a Rule 29 issue. That wasn't raised in the district court. I had a quick question for you on the two-level enhancement. It looks like the defendant got a multiple count adjustment here as well, correct? Yes. Right. So he had five levels added to his base offense level, correct? Yes. And that's to take into account the number of counts involved here, which there were 14. Yes. But then he also got the two-level additional enhancement for two or more liens based on the offense, which I read to mean each count, which would mean more than one, that there would be more than one lien sent to a victim. How do you reconcile that? In two ways. The first way is the government would submit this double-counting argument was not raised until the defendant's reply brief, and so I'd urge the Court not to reach on that ground. My second argument But was it double-counting? No. It was not. How was it not double-counting? Because the grouping rules are different than the rules attached to the offense of conviction. And there is a case on this, which, of course, there was a reply brief, so we didn't file. And the case is United States v. Alexander, which is 287 F. 3rd, 811, 9th Circuit, 2002. And that was a threats case, but it's the same guideline. And this Court held that there's simply no prohibition in the guidelines or anything else to apply both a multiple threat enhancement and the grouping rules to account for multiple counts of conviction. And I think this Court's bound by that. But, I mean, you can do it both, but you don't have an incident here where he did a lien of more than two for one victim, for one count. That's true. So you can do it, I imagine, when it's appropriate and you have the facts to support it. Here you only have evidence of one lien per victim per count. So I don't know how you get the enhancement. I mean, at the time, you're arguing now that we should probably just let it go because he didn't raise it. But it looks like he's getting a lot of time, two levels at 16 months. You're fighting over 16 months. I want to answer the question. My time has expired, but I want to. Well, I think Judge Ikuda will let you answer. Thank you. So that kind of, I don't want to say conflates, but in the government's view it's two separate issues. And the first issue is whether it's two or more liens. And that's satisfying under the plain language of the enhancement and the commentary. The commentary notes that when you're trying to make that determination, it's broader than the relevant conduct rules under 1B1.3. You look at everything. And here, that's satisfied. And then the application of the grouping rules is to account for multiple counts of conviction. I mean, the fact is, if, for example, the enhancement had only applied to one group and then none of the others, it would have been the same result because it was only three. I think it didn't go so far below to have counted a different unit of prosecution for the grouping rules. Did that make sense? I'm not sure that it did. And so that's the government's position on that. It's not double counting. And in light of Alexander, the Court should affirm the conviction and sentence. Does the Court have any other questions? Thank you, Your Honor. You have 40 seconds. I just want to say that I don't think it's fair to say that the double counting argument was first raised in the reply brief. It is additional authority for the argument that was raised in the opening brief and also in response to the government's arguments. I'll submit it. Thank you. Okay. The case of the United States v. Neal is submitted. And we are adjourned for the morning.
judges: Ikuta, Smith, Murguia